# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WAYNE GILMORE**                                                                                    **PLAINTIFF**

v.                                                                            Civil No. 1:12-cv-183-HSO-RHW

**MISSISSIPPI COAST COLISEUM**
**COMMISSION,** *a Political Subdivision*
*of Mississippi*                                                                                        **DEFENDANT**

**UNITED STATES**                                                                                **INTERVENOR**

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT BASED ON ELEVENTH AMENDMENT SOVEREIGN IMMUNITY AND DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

BEFORE THE COURT are two Motions: the Motion [9] to Dismiss, or in the Alternative, Motion for Summary Judgment Based on Eleventh Amendment Sovereign Immunity, filed by Defendant Mississippi Coast Coliseum Commission ("the Commission"), and the Commission's Motion [11] for a More Definite Statement. Plaintiff Wayne Gilmore has filed Responses [20][21] to the Motions, and the Commission has filed Replies [23][24]. The United States has intervened in this matter and filed a Memorandum [28] of Law as Intervenor in opposition to the Commission's contention that it is immune from Plaintiff's claims pursuant to the Eleventh Amendment to the United States Constitution. The Commission has filed a Response [29] to the United States' Memorandum. After consideration of the parties' submissions, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that the Commission's Motions [9][11] should be denied.

I. BACKGROUND

In its Complaint, Plaintiff alleges violations of Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12131 *et seq.*, and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 795. These claims are advanced against the Commission, a political subdivision of the State of Mississippi, which administers programs and activities at the Mississippi Coast Coliseum and Convention Center ("the Coliseum"). Pl.'s Compl. [1] at p. 2; Def.'s Answer at p. 8. Plaintiff submits that he is paralyzed from the waist down and substantially impaired in several major life activities such as walking and standing. Pl.'s Compl. [1] at p. 2. He maintains that he visited the Coliseum in February 2012 to attend a hockey game and intends to return to the Coliseum to utilize the programs and activities there. *Id.* He alleges that he "experienced serious difficulty accessing the programs and activities [in the Coliseum] due to architectural barriers," consisting of the following:

> A. . . . inaccessible parking designated as accessible due to numerous spaces with excessive slope;
>
> B. inaccessible parking designated as accessible due to numerous spaces lacking proper accessibility signage;
>
> C. inaccessible parking designated as accessible due to numerous spaces lacking full access aisles and/or obstructions in access aisles;
>
> D. inaccessible exterior ramps due to excessive slope and lack of proper handrails;
>
> E. inaccessible service, ticket, and concession counters due to excessive height; and
>
> F. inaccessible restrooms due [to] inaccessible stalls.

*Id.* at p. 4.

In support of his Rehabilitation Act claim, Plaintiff contends that the Coliseum engaged in discriminatory conduct against him by:

> A. denying [him] access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by [t]he Commission;
>
> B. by otherwise limiting [him] in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive [t]he Commission's aids, benefits, and services;
>
> C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by [t]he Commission;
>
> D. failing to administer services, programs and activities in the most integrated setting appropriate to [his needs];
>
> E. excluding [him] from participation in, and the benefits of, [t]he Commission's services[,] programs[,] and activities as a result of [t]he Commission's facility being inaccessible to or unusable by [him]; and
>
> F. failing to designate and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

Pl.'s Compl. [1] at pp. 7-8. Plaintiff submits that the Commission's alleged violations of Title II of the ADA and § 504 of the Rehabilitation Act are ongoing and that he will likely be affected by these violations upon future visits to the Coliseum. *Id.* at pp. 5,

8.

## II. DISCUSSION

A.  The Commission's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment Based on Eleventh Amendment Sovereign Immunity

In its Motion [9], the Commission contends that Plaintiff's Complaint should be dismissed for failure to state a claim and because the Commission is immune from suit pursuant to the Eleventh Amendment to the United States Constitution. Def.'s Mem. [10] in Supp. of Mot. to Dismiss at pp. 1-7. The Court will first determine whether the allegations in Plaintiff's Complaint state a claim for relief under Title II of the ADA and § 504 of the Rehabilitation Act before proceeding to consider the Commission's Eleventh Amendment sovereign immunity defense. *Hale v. King,* 642 F.3d 492, 503 (5th Cir. 2011).[1]

The only exhibits attached to the Commission's Motion are nine other Complaints that Plaintiff has filed in which he asserts ADA claims against various private entities. Ex. A [9-1] to Def.'s Mot. [9] to Dismiss. The Court finds that at this juncture the number of lawsuits Plaintiff has filed alleging ADA violations is not relevant to determining whether his Complaint in this particular case states a claim or whether the Commission is entitled to Eleventh Amendment immunity under the circumstances here. Accordingly, the Court will not assign any weight to Plaintiff's

---

[1]In *Hale,* the Fifth Circuit addressed whether the plaintiff had stated a claim under Title II of the ADA before addressing sovereign immunity. *Hale,* 642 F.3d at 498. In doing so, it stated that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Id.* at 503 n.38 (citing *Lyng v. Nw. Indian Cemetery Protective Ass'n,* 485 U.S. 439, 445 (1988)).

litigation history in resolving the Motions before it.

> 1. Whether Plaintiff's Complaint Should be Dismissed for Failure to State a Claim
>> a. Standard of Review

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).

"Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

The Court's analysis is generally limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1018. A court "may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

    b. <u>Plaintiff's Complaint Sufficiently States Claims For Relief Under Title II of the ADA and § 504 of the Rehabilitation Act</u>

Plaintiff seeks relief for disability discrimination under Title II of the ADA, as well as under § 504 of the Rehabilitation Act. "[T]he rights and remedies afforded plaintiffs under Title II of the ADA are almost entirely duplicative of those provided under § 504 of the Rehabilitation Act." *Bennett-Nelson v. Lousiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005), *cert. denied*, 547 U.S. 1098 (2006).[2] Section 504 applies to "any program or activity receiving Federal financial assistance . . . ." 29

---

[2]"The sole difference between the statutes lies in their causation requirements," but this difference is not implicated where, as here, the claims are directed towards architectural boundaries. *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 287-89 (5th Cir. 2005). Where a public entity fails to make reasonable accommodations for disabled individuals, "the cause of that failure is irrelevant." *Bennett-Nelson,* 431 F.3d at 454-55.

U.S.C. § 794(a). Title II applies to public entities, including state and local governments, as well as their departments, agencies, and instrumentalities. 42 U.S.C. § 12131(1). A plaintiff states a claim for relief under Title II of the ADA if he alleges sufficient facts to support the following elements:

> (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.

*Hale,* 642 F.3d at 499.

Similarly, § 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). The Commission contends that Plaintiff's Complaint does not contain sufficient factual content to state plausible claims under either Title II of the ADA or § 504 of the Rehabilitation Act.

### i. Whether Plaintiff Must Plead the Specific Locations of the Alleged Violations

The Commission submits that the Coliseum is a large facility and that Plaintiff is required to plead the specific locations where the alleged violations occurred, such as identifying which parking spaces, exterior ramps, counters, and restrooms he contends are in violation. Def.'s Mem. [10] in Supp. of Mot. to Dismiss at p. 2; Def.'s Mem. [12] in Supp. of Mot. for More Definite Statement at p. 2. It maintains that

Plaintiff is required to state in his Complaint that he was "denied services or activities" and reveal whether "he was unable to participate in any specific activity due to discrimination based on his disability" and whether he was denied "any specific accommodation." Def.'s Mem. [10] in Supp. of Mot. to Dismiss at p. 4.[3]

The Commission has offered no authority in support of its contention that Plaintiff must plead his Title II and § 504 claims with such particularity. In the absence of such authority, the Court finds that Plaintiff's Complaint contains sufficient factual matter, accepted as true, to state plausible claims. "The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision.'" *Cooper Indus., LLC v. Amer. Int'l Specialty Lines Ins. Co.,* No. 07-20468, 273 Fed. App'x 297, 307 (5th Cir. 2008)(quoting *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 434 (5th Cir. 2000)); *see Twombly,* 550 U.S. at 570 ("[W]e do not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

    ii. <u>Whether Plaintiff's Complaint Must State that the Commission Received Federal Funds During the Time that Plaintiff Claims He Was Discriminated Against</u>

The Rehabilitation Act is Spending Clause legislation. Pursuant to the Spending Clause, U.S. Const., Art. I, § 8, cl. 1, "Congress may attach conditions on the

---

[3]Plaintiff disputes that one can only recover under the Title II of the ADA and Section § 504 of the Rehabilitation Act if he proves that he was "unable to participate" and has cited authority in support of this assertion. Pl.'s Mem. [20] in Response to Mot. to Dismiss at pp. 5-6.

-8-

receipt of federal funds, and has repeatedly employed the power to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives." *South Dakota v. Dole,* 483 U.S. 203, 206-07 (1987)(internal citations omitted). As a condition of receiving federal funds, "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of Section 504 of the Rehabilitation Act of 1973 . . . ." 42 U.S.C. § 2000d-7(a)(1); *see Bennett-Nelson,* 431 F.3d at 451. Section 504, however, generally applies to a state public entity only during the period that it is accepting federal assistance. *Dansby-Giles v. Jackson State Univ.,* Civil Action No. 3:08-cv-349-TSL-JCS, 638 F. Supp. 2d 698, 700-01 (S.D. Miss. June 9, 2009)(citing *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 113 n.2 (2d Cir. 2001)); *see* James Lockhart, J.D., *Who is Recipient of, and What Constitutes Program or Activity Receiving, Federal Financial Assistance for Purposes of § 504 of the Rehabilitation Act,* 160 A.L.R. Fed. 297 (2000).

The Commission argues that Plaintiff's § 504 Rehabilitation Act claim should be dismissed because his Complaint does not allege that the Commission received federal funds during the time of the alleged discrimination. Def.'s Mem. [10] in Supp. of Mot. to Dismiss at pp. 5-8. The Complaint states only that "[u]pon reasonable belief, [t]he Commission is the recipient of Federal Funds." Pl.'s Compl. [1] at p. 9. Plaintiff and the United States maintain that this statement is sufficient at the pleading stage to articulate a plausible § 504 claim because it can only be determined through discovery whether any federal funding received by the Commission subjects

it to suit under the Rehabilitation Act.  United States Mem. [28] at p. 13; Pl.'s Resp. [20] to Def.'s Mot. to Dismiss at pp. 14-15.  The United States further submits that "[i]t is unrealistic to expect specificity regarding federal funding from a plaintiff at the pleading stage, as these are matters regarding the defendant's internal organization and funding that are peculiarly within the defendant's knowledge."  United States Mem. [28] at p. 13.  The United States cites authority in support of this proposition, which the Court finds persuasive.

> In *Gaylor v. Georgia Dep't of Natural Res.,* the court found:
>
>> Because what funds the Defendants have received are facts within Defendants' control, the Court finds that Plaintiff has plead[ed] a sufficient factual basis for Eleventh Amendment waiver as to the [Rehabilitation Act] claim.  However, should discovery prove that federal funds were not received, Defendants may move for summary judgment on this ground at any time.

No. 2:11-cv-288, 2012 WL 3516489, *7 (N.D. Ga. Aug. 15, 2012).

In *Cohn v. KeySpan Corp.,* the court denied the defendant's motion seeking dismissal of the plaintiff's Rehabilitation Act claim, stating: "Whether or not any of the Utility Defendants receives federal funding is a fact particularly within the possession and control of those defendants, which plaintiff is entitled to discern during discovery."  No. 09 CV 2477(SJF)(AKT), 713 F. Supp. 2d 143, 159 (E.D.N.Y. May 13, 2010).

"The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts upon information and belief where the facts are peculiarly within the possession and control of the defendant . . . ."  *Arista Records, LLC v. Doe 3,* 604 F.3d

-10-

110, 120 (2d Cir. 2010).  Whether the Commission receives federal funding that subjects it to suit under § 504 of the Rehabilitation Act is a matter that Plaintiff may explore through discovery.  Plaintiff's Complaint contains sufficient factual matter, accepted as true, to state a plausible claim under § 504.

> 2. Whether Plaintiff's Claims Are Barred by the Eleventh Amendment to the United States Constitution

The Commission also maintains that it is immune from Plaintiff's claims pursuant to the Eleventh Amendment, which "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.,* 307 F.3d 318, 326 (5th Cir. 2002).

>> a. Whether Eleventh Amendment Immunity Bars Plaintiff's § 504 Rehabilitation Act Claim

The Commission contends that Plaintiff's § 504 claim should be dismissed because Plaintiff "is simply unable to meet the[] elements" for establishing that receipt of any federal funding by the Commission validly waived the Commission's Eleventh Amendment Immunity.  *Id.* at pp. 5-6.  As previously discussed, whether the Commission has received federal funding that subjects it to suit under § 504 of the Rehabilitation Act is a matter that Plaintiff may explore during discovery.  Accordingly, the Court cannot decide at this juncture whether the Commission validly waived its Eleventh Amendment immunity by accepting federal funds.  The Commission's Motion [9] to Dismiss, or in the Alternative, Motion for Summary Judgment will be denied without prejudice to the extent that it requests the Court to

find that it is immune from Plaintiff's § 504 Rehabilitation Act claim.

### b. Whether Eleventh Amendment Immunity Bars Plaintiff's Title II ADA Claim

Sovereign immunity bars Title II claims against public entities "unless Congress has validly abrogated that immunity under its power to enforce the Constitution's substantive guarantees through the Fourteenth Amendment." *Duncan v. Univ. of Texas Health Science Ctr. at Houston,* No. 11-20025, 469 Fed. App'x 364, *3 (5th Cir. Apr. 10, 2012). Determining whether sovereign immunity has been abrogated as to a particular Title II claim hinges on three inquiries:

> First, the court must consider "which aspects of the State's alleged conduct violated Title II." *United States v. Georgia,* 546 U.S. 151, 159 (2006). Next, the court must determine "to what extent such misconduct also violated the Fourteenth Amendment." *Id.* If the alleged conduct violates both a constitutional guarantee and Title II, then there is no immunity, but if the conduct offends neither Title II nor the Constitution, then the suit must fail. If "the State's conduct violated Title II but did not violate the Fourteenth Amendment," however, the court must make a third inquiry to determine "whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Hale v. King,* 642 F.3d 492, 498 (5th Cir. 2011)(interpreting *Georgia*). The third test arises from the principle that Congress's power under the Fourteenth Amendment includes authority to prohibit conduct that is not itself unconstitutional but that Congress determines should be barred by one of its enactments "both to remedy and to deter violations of rights guaranteed" by the Amendment. *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 81 (2000). Because Title II *might* still abrogate sovereign immunity for violations that fall short of a constitutional violation, the courts must always assess the underlying merits of the cause of action. *Hale,* 642 F.3d at 498.

*Id.*

"[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99 (1981). Should Plaintiff's Title II claim fail on the merits, the issue of the Commission's potential Eleventh Amendment immunity from this claim would become moot. *Buchanan v. Maine,* 469 F.3d 158, 172 (1st Cir. 2006); *see Wells v. Thaler,* No. 10-20648, 460 Fed. App'x 303, *5 (5th Cir. Feb. 7, 2012)(collecting cases where courts considered the record when determining abrogation in Title II claim). The Court "should first address whether the conduct challenged by the plaintiff violates Title II" before "address[ing] whether Title II validly abrogates sovereign immunity in these circumstances." *Brockman v. Texas Dept. of Criminal Justice,* No. 09-40940, 397 Fed. App'x 18, *23 (5th Cir. Sept. 30, 2010). Proceeding in this manner will prevent the Court "from unnecessarily addressing the constitutional issue of whether the ADA may validly abrogate sovereign immunity . . . ." *Id.* at *23 ("Previously, when lower courts have unnecessarily reached issues concerning the constitutionality of the ADA's abrogation of sovereign immunity, the offending portions of their decisions have been vacated on appeal.").

The substantive merits of Plaintiff's Title II claim cannot be determined without further factual development. Accordingly, the Court will not address the Commission's Eleventh Amendment immunity defense to this claim until it can be determined whether Plaintiff's claim fails on the merits. The Commission's Motion [9] to Dismiss, or in the Alternative, Motion for Summary Judgment will be denied without prejudice to the extent that it requests the Court to find that the Eleventh

Amendment bars Plaintiff's Title II ADA claim.

B.  The Commission's Motion for More Definite Statement

Because Plaintiff's Complaint contains sufficient factual content, accepted as true, to state plausible claims under Title II and § 504, the Commission's Motion [11] for More Definite Statement should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [9] to Dismiss, or in the Alternative, Motion for Summary Judgment Based on Eleventh Amendment Sovereign Immunity, filed by Defendant Mississippi Coast Coliseum Commission is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [11] for More Definite Statement, filed by Defendant Mississippi Coast Coliseum Commission is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE